852 So.2d 370 (2003)
Cecilia DAVIS, etc., Appellant,
v.
ORANGE COUNTY BOARD OF COUNTY COMMISSIONERS, etc., et al., Appellees.
No. 5D02-817.
District Court of Appeal of Florida, Fifth District.
August 15, 2003.
Madison B. McClellan, Linda L. Weiksnar, of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, Stuart, and Russell S. Bohn, and Diran V. Seropian, of Caruso & Burlington, P.A., West Palm Beach, for Appellant.
Jeanelle G. Bronson and Stephen P. Matzuk, of Grower, Ketcham, Rutherford, Bronson, Eide & Telan, P.A., Orlando, for Appellee, Orange County Board of County Commissioners.
No Appearance For Appellees, Dollar Rent A Car Systems, Inc., Walden Auto Leasing, III, Inc., JSK Trucking, Inc., Jose Das Gracia Guimaraes and Diamond Transportation Services, Inc.
GRIFFIN, J.
Cecilia Davis ["Davis"], as personal representative of the estate of her deceased daughter, appeals a summary final judgment rendered in favor of the Orange County Board of Commissioners ["Orange County"] in a wrongful death action she filed against Orange County and others arising out of a motor vehicle accident. Davis alleged that Orange County had undertaken by contract to trim certain bushes and overgrowth on a parcel of privately owned property adjacent to the intersection where the accident occurred and that Orange County's failure to properly maintain the bushes had created a visual obstruction that caused the accident.
We reverse because Orange County has not made the required showing that there are no material facts in dispute and that Orange County was entitled to judgment as a matter of law. Orange County contends that there is no contract but has made no such record showing. The record reflects that the trial court was led into erroneously granting the summary judgment based on the plaintiff's failure to timely answer certain requests for admission filed by another party. Commendably, Orange County does not rely on the admission on appeal. This admission was *371 not applicable to the plaintiff's claim against Orange County because its requests for admission were timely answered and its request that Davis admit a lack of duty on the part of Orange County was denied.
We reverse the summary final judgment and remand for further proceedings.
REVERSED and REMANDED.
PALMER, J., and BARLOW, T.M., Associate Judge, concur.